UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV1928 FRB |
| | ) |
| UNITED STATES SECRETARY OF DEFENSE, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER**

      Presently pending before the Court is plaintiff Alice Allen's Motion for Change of Judge from Frederick R. Buckles to U.S. District Court Judge Carol Jackson (Doc. #28). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

      Plaintiff filed this action, pro se, on October 13, 2010. Pursuant to Local Rule 2.08(A) of this Court, the Clerk assigned this civil action to a judge of this Court by automated random selection. Through such selection, the matter was randomly assigned to the undersigned United States Magistrate Judge. On October 21, 2010, full consent to the exercise of my authority to preside over the cause was received from all parties pursuant to 28 U.S.C. § 636(c) (Doc. #4). See Fed. R. Civ. P. 73; Local Rule 2.08(A); Local Rule 11.01. Upon conferring with the parties pursuant to Fed. R. Civ. P. 16, the undersigned entered a Case Management Order setting forth schedules and deadlines by which the

cause is to proceed.  (See Doc. ##19, 20.)  Upon defendant's filing of an Answer to plaintiff's Amended Complaint, and plaintiff's Objection thereto, plaintiff filed the instant motion seeking to have this matter transferred from the undersigned United States Magistrate Judge to United States District Judge Carol E. Jackson.  Defendant has not responded to the motion.

"[L]itigants subject to the authority of the district court do not normally have any say as to the particular judge who acts for the court.'"  United States v. Williams, 624 F.3d 889, 893-94 (8th Cir. 2010) (quoting United States v. Colon-Munoz, 292 F.3d 18, 22 (1st Cir. 2002)).  See also Hvass v. Graven, 257 F.2d 1, 5 (8th Cir. 1958) (noting that "a litigant has no vested right to have his case tried before any particular judge").  To permit parties to engage in judge shopping would deal a serious blow to the integrity of the court system.  In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig., 601 F. Supp. 2d 1120, 1124 (D. Minn. 2009).

A review of the record shows no impropriety in the assignment of this action to the undersigned or in the parties' consent to the exercise of my authority in the matter under 28 U.S.C. § 636(c).  Plaintiff makes no assertion of extraordinary circumstances justifying the vacation of such authority, see Fed. R. Civ. P. 73(b)(3), and a review of the matter shows there to exist no reason why my impartiality would be questioned in my

presiding over the action. Nor does there exist any other circumstances for which I should disqualify myself from presiding over the matter. See 28 U.S.C. § 455(a), (b).

Inasmuch as a review of the record shows no reason to reassign this action to another judge of this Court, and given that judge shopping is discouraged,

**IT IS HEREBY ORDERED** that plaintiff Alice Allen's Motion for Change of Judge from Frederick R. Buckles to U.S. District Court Judge Carol Jackson (Doc. #28) is **DENIED**.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE


Dated this _25th_ day of July, 2011.