UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALICE ALLEN,                          )
                                      )
            Plaintiff,                )
                                      )
       v.                             ) No. 4:10CV1928 FRB
                                      )
UNITED STATES SECRETARY OF            )
DEFENSE,                              )
                                      )
            Defendant.                )

### MEMORANDUM AND ORDER

Presently pending before the Court are plaintiff Alice Allen's Motions for the Judge to Excuse/Recuse Himself from this Case (Doc. Nos. 44, 64).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).  The bases of plaintiff's motion arise from a motion hearing held before the undersigned on October 11, 2011.  Plaintiff is proceeding in this cause pro se.

A.    Background

Plaintiff instituted this cause of action on October 13, 2010, alleging that she was discriminated against in her employment with the National Geospatial Intelligence Agency (NGA), a branch of the United States Department of Defense, on account of her race and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, et seq.  Plaintiff also brings a claim of defamation against the NGA.  Since its inception, this cause has proceeded through the

pleading stage and discovery in accordance with the Case Management Order entered upon the parties' submission of their Joint Proposed Scheduling Plan.

In April 2011, plaintiff requested that the matter be reassigned from the undersigned to United States District Judge Carol E. Jackson.  No reason for such requested reassignment was provided in plaintiff's motion.  The undersigned denied plaintiff's motion, finding:

> A review of the record shows no impropriety in the assignment of this action to the undersigned or in the parties' consent to the exercise of my authority in the matter under 28 U.S.C. § 636(c).  Plaintiff makes no assertion of extraordinary circumstances justifying the vacation of such authority, see Fed. R. Civ. P. 73(b)(3), and a review of the matter shows there to exist no reason why my impartiality would be questioned in my presiding over the action.  Nor does there exist any other circumstances for which I should disqualify myself from presiding over the matter. See 28 U.S.C. § 455(a), (b).

(Order, Doc. No. 30 at pp. 2-3.)

Thereafter, plaintiff requested that she be permitted to take the deposition of President Barack Obama, arguing that, as President of the United States, he is the head of the federal agency against whom she makes her claim of discrimination.  (Doc. Nos. 31, 34.)   The defendant's subsequent motion to quash plaintiff's request for such deposition was granted by the undersigned in an Order entered August 9, 2011, which found:

> Plaintiff has failed to demonstrate that the President of the United States possesses information which is relevant and essential to the prosecution of the instant employment discrimination case in which she alleges that she was unlawfully terminated as a contract employee with the Department of Defense in St. Louis, Missouri. Plaintiff has also failed to demonstrate that she cannot obtain the information she seeks through other, less burdensome means of discovery. See Warzon v. Drew, 155 F.R.D. 183, 185 (E.D. Wis. 1994).

(Order, Doc. No. 35.)

Thereafter, plaintiff filed a Motion to Compel requesting the Court to compel defendant to produce documents and to respond to interrogatories put to it by plaintiff. The defendant responded to the motion, after which the undersigned set the matter for a hearing. The hearing was held on October 11, 2011.

B.    The Motion Hearing

At the hearing on October 11, 2011, plaintiff appeared personally and the defendant was represented by Assistant United States Attorney Nicholas Llewellyn. The undersigned presided over the hearing.

In support of her Motion to Compel, plaintiff argued that the government had provided e-mails in response to her discovery requests but that e-mails from NGA to Focused Management, Inc. (FMI), regarding plaintiff's performance were not included in the e-mails that were provided. Plaintiff argued that NGA's representative, Jeffrey Appel, had indicated during the

administrative investigation that he had sent such e-mail(s) to FMI.  In response to this argument, Mr. Llewellyn presented the relevant portion of the administrative report of investigation which included e-mails exchanged between NGA employees detailing plaintiff's performance.  Because none of these e-mails indicated that they were from Mr. Appel or that they were directed to FMI, plaintiff continued to contend that the government had failed to produce all of the e-mails which she sought.[1]  Upon hearing the parties' positions, the undersigned stated to plaintiff, "Ms. Allen, the government is saying, 'These are all the e-mails we sent.'"  Upon hearing further argument, the undersigned again stated to plaintiff, "They say, 'What we're giving is all the e-mails that we had with respect to this matter, and these are all the e-mails that we sent . . . .'"  Upon conclusion of the parties' representations and argument, the undersigned determined to deny plaintiff's Motion to Compel.

Before the Court went into recess, plaintiff indicated that she wished to bring to the Court's attention that although her request to depose President Obama had been denied, he had been on vacation and was recently in the St. Louis area.  Plaintiff continued to argue that President Obama is "over the government" and that because this case is against the government, his testimony

---

[1]Mr. Llewellyn subsequently represented at the hearing that the first page of the e-mail packet constituted the direct report from NGA to FMI regarding plaintiff's performance, with the e-mails attached to support this report.

would be relevant.  The undersigned advised plaintiff that she was not going to depose a sitting President of the United States and that President Obama knew nothing about the case and had nothing relevant to provide on the case.  The undersigned described plaintiff's arguments otherwise as "silly."  The undersigned explained to plaintiff that the Court is available to listen to her case, to hear her arguments, and to provide her a fair chance to come to Court and to present her case, but not to entertain "silly stuff" such as requests to depose the President on matters of which he has no knowledge.  The Court then went into recess.

C.   Plaintiff's Motions to Recuse

On October 13 and December 12, 2011, plaintiff filed Motions for the Judge to Excuse/Recuse Himself from this Case.[2]  As the bases for her motions, plaintiff contends that, at the hearing on October 11, 2011, 1) the undersigned, as an employee of the government, indicated his personal interest and/or ties to the defendant by making the statements that "we gave you all the documents you ask for"; 2) the undersigned described plaintiff's request to depose President Obama as "silly"; and 3) the courtroom clerk telephoned Mr. Llewellyn when he was late for the 9:00 a.m. hearing to remind him of the time schedule.  Defendant has not responded to the motions.

---

[2]The second motion filed December 12, 2011, substitutes the word "recuse" for the word "excuse" which was used in the first motion.

D.    Discussion

A federal judge must recuse himself when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending, has a personal bias or prejudice either against [her] or in favor of any adverse party[.]"  28 U.S.C. § 144.  Plaintiff's motions to excuse/recuse do not include the affidavit required by 28 U.S.C. § 144.  Nevertheless, upon review of the record, the assertions made by plaintiff in her motions are insufficient to demonstrate partiality on the part of the undersigned.

First, to the extent plaintiff argues that the undersigned demonstrated personal alignment with and bias toward the government in this cause by making statements that "we gave you all the documents you ask for," a review of the record shows plaintiff to make this assertion out of context.  A review of the audio recording of the hearing shows that on two occasions during the hearing, the undersigned paraphrased the government's response to the plaintiff and specifically attributed such statements to the government:

> Ms. Allen, *the government is saying*, "These are all the e-mails we sent."
>
> . . .
>
> *They say,* "What we're giving is all the e-mails that we had with respect to this matter, and these are all the e-mails that we sent . . . ."

A review of the audio recording of the hearing in its entirety shows no instance of the undersigned representing that "he" was a part of the "we" to whom he referred as providing the requested e-mails.  Plaintiff's argument to the contrary is not supported by the record and is without merit.

To the extent plaintiff contends that the undersigned's use of the word "silly" to describe her request to depose President Obama demonstrates bias against her, such contention is insufficient to satisfy plaintiff's "substantial burden" to demonstrate partiality on the part of the undersigned.  See United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis in original).

"To sustain disqualification, . . . . there must be a demonstrated

bias and prejudice of the judge arising from an extrajudicial source which renders his trial participation unfair in that it results in an opinion formed . . . on some basis other than learned from his participation in the case." <u>United States v. Bray</u>, 546 F.2d 851, 859 (10th Cir. 1976).

Here, the comments made in relation to plaintiff's request to depose the President derive from this litigation and not from any extrajudicial source.  The comments were not directed to the merits of the case but merely reflect an observation of the proceeding at hand.  Indeed, a review of the audio recording shows the undersigned to assure plaintiff that the Court is available for her to present her case and her arguments, and that the Court would provide a fair opportunity for her to do so.  The Court's expressed unwillingness to entertain frivolous requests does not reflect a bias or lack of impartiality but rather expresses a desire for the parties to refocus on the substance of the case.  While stated in plain and straightforward language, and with what could be perceived as a lack of eloquence, the undersigned's remarks do not demonstrate bias, but merely reflect the reality of the proceedings.

Finally, to the extent plaintiff requests recusal on account of the courtroom clerk's telephone call to the tardy Mr. Llewellyn to remind him of the start time of the hearing, such action on the part of the district court's clerical staff does not

- 8 -

demonstrate partiality or bias on the part of the undersigned.
Such a telephone call does nothing to suggest that it would be
impossible for the undersigned to render a fair judgment in this
cause.

Accordingly, upon review of the contentions raised in
plaintiff's motion against the backdrop of the proceedings in this
case, there exist no circumstances for which I should recuse or
disqualify myself from presiding over this matter.  28 U.S.C. §
144; 28 U.S.C. § 455(a), (b).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Alice Allen's Motions
for the Judge to Excuse/Recuse Himself from this Case (Doc. Nos.
44, 64) are denied.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this  _8th_  day of February, 2012.